FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 28 2017

SEAN F. McAVOY, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

1  JOSEPH H. HARRINGTON
   Acting United States Attorney
2  Eastern District of Washington
   IAN L. GARRIQUES
3  Assistant U.S. Attorney
   402 E. Yakima Ave., Ste. 210
4  Yakima, WA 98901-2760
   Telephone: (509) 454-4425
5

6              UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF WASHINGTON
7

8  UNITED STATES OF AMERICA,       )  NO. 1:16-CR-2066-RMP
                                    )
9         Plaintiff,                )
                                    )  Plea Agreement
10    v.                            )
                                    )
11 JOSE ALBERTO ABUNDIZ,           )
                                    )  Fed. R. Crim. P. 11(c)(1)(C)
12        Defendant.                )
                                    )
13                                  )
                                    )
14 _____ )

15        Plaintiff United States of America, by and through Joseph H. Harrington, Acting

16 United States Attorney, and Ian L. Garriques, Assistant United States Attorney, for the

17 Eastern District of Washington, and Defendant, JOSE ALBERTO ABUNDIZ, and the

18 Defendant's counsel, Gregory L. Scott, agree to the following Plea Agreement pursuant

19 to Fed. R. Crim. P. 11(c)(1)(C):

20        1. Guilty Plea and Maximum Statutory Penalties:

21        The Defendant agrees to plead guilty to the Indictment, charging the Defendant

22 with Distribution of a Controlled Substance (50 grams or more of actual

23 methamphetamine) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).

24        The Defendant understands that the statutory penalties for Distribution of a

25 Controlled Substance, as charged in the Indictment, include a mandatory term of not less

26 than ten (10) years imprisonment and not more than life; a fine not to exceed

27 $10,000,000; not less than five (5) years of supervised release; a $100 special assessment;

28

Plea Agreement                    - 1 -

1   and loss of certain federal benefits.

2       The Defendant understands that a violation of a condition of supervised release
3   carries an additional penalty of re-imprisonment for all or part of the term of supervised
4   release without credit for time previously served on post-release supervision.

5       2.  The Court is Not a Party to the Agreement (Fed.R.Crim.P. 11(c)(1)(C) Plea):

6       The Court is not a party to this Plea Agreement and may accept or reject this Plea
7   Agreement.  Sentencing is a matter that is solely within the discretion of the Court.  The
8   Defendant understands that the Court is under no obligation to accept any
9   recommendations made by the United States and/or by the Defendant; that the Court will
10  obtain an independent report and sentencing recommendation from the U.S. Probation
11  Office; and that the Court may, in its discretion, impose any sentence it deems
12  appropriate up to the statutory maximums stated in this Plea Agreement.

13      The Defendant acknowledges that no promises of any type have been made to the
14  Defendant with respect to the sentence the Court will impose in this matter.  The
15  Defendant understands that the Court is required to consider the applicable sentencing
16  guideline range, but may depart upward or downward under the appropriate
17  circumstances.

18      Despite the foregoing, the Defendant understands and agrees that this is a Plea
19  Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C).  The Defendant may therefore
20  withdraw from this Plea Agreement if the Court imposes a term of imprisonment in
21  excess of one hundred and fifty (150) months.  The Defendant also understands that the
22  United States may withdraw from this Plea Agreement if the Court imposes a term of
23  imprisonment of less than one hundred and fifty (150) months.

24      3.  Denial of Federal Benefits:

25      The Defendant understands that by entering this plea of guilty the Defendant is no
26  longer eligible for assistance under any state program funded under part A of title IV of
27  the Social Security Act (concerning Temporary Assistance for Needy Families) or
28  benefits under the food stamp program or any state program carried out under the Food

Plea Agreement                        - 2 -

Stamp Act.  21 U.S.C. § 862a.  Further, the Court may deny the Defendant's eligibility to any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States.  21 U.S.C. § 862.

4. <u>Waiver of Constitutional Rights</u>:

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

      a.  The right to a jury trial;

      b.  The right to see, hear and question the witnesses;

      c.  The right to remain silent at trial;

      d.  The right to testify at trial; and

      e.  The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.

5. <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Distribution of a Controlled Substance (50 grams or more of actual methamphetamine) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), as charged in the Indictment, the United States must prove beyond a reasonable doubt the following elements:

First, the defendant knowingly distributed a controlled substance;

Second, the defendant knew that it was actual methamphetamine or some other controlled substance; and

Third, the quantity of actual methamphetamine involved was at least 50 grams or more.   (9th Cir. Crim. Jury Instr. 9.18 (2010) (modified)).

6. <u>Factual Basis and Statement of Facts</u>:

The United States and the Defendant stipulate and agree that the following facts

Plea Agreement                              - 3 -

1  are accurate; that the United States could prove these facts beyond a reasonable doubt at
2  trial; and these facts constitute an adequate factual basis for the Defendant's guilty plea:
3      During August, 2016, a person, who would later become a confidential human
4  source (CHS), was arrested for possessing five ounces of methamphetamine. The CHS
5  stated he/she had traveled to a residence on Bartlett Place in Yakima, WA, to obtain the
6  five ounces of methamphetamine from an individual known as "Scarface." The CHS
7  later identified Scarface as the Defendant Jose Alberto Abundiz.
8      On August 30, 2016, the CHS purchased approximately half a pound of
9  methamphetamine from Defendant Abundiz at a residence on 48th Avenue in Yakima,
10  WA. The narcotics purchase was audio/video recorded and took place in the attached
11  garage of the residence. During the purchase approximately three and a half pounds of
12  suspected methamphetamine were observed in a Tupperware container located on a table
13  in the attached garage. The Defendant had removed the half pound of methamphetamine
14  that was sold to the CHS from the Tupperware container and weighed it on a digital
15  scale. During the purchase the CHS saw a black Glock handgun on a chair the Defendant
16  was sitting in after he stood up. The CHS also saw a vehicle believed to be a Lincoln
17  parked in the attached garage. The Lincoln was a vehicle the CHS previously saw in the
18  attached garage with 30 to 50 firearms in the trunk. After the purchase of
19  methamphetamine, the CHS left the residence and the Defendant was seen driving away
20  from the residence in his red Acura.
21      On September 7, 2016, search warrants were executed for the 48th Avenue and
22  Bartlett Place residences, a storage unit, and vehicles associated with Defendant.
23  Abundiz was arrested near his red Acura with approximately $4,000 cash and two rounds
24  of ammunition on his person. In a post-*Miranda* statement, Abundiz stated that he was
25  selling approximately one pound of methamphetamine per week. He stated that he had
26  three firearms and approximately two pounds of methamphetamine in the Acura. He also
27  stated he had several other firearms in a Lexus vehicle at the Bartlett Place residence and
28  then consented to a search of the Lexus vehicle where nine additional firearms (7

Plea Agreement                          - 4 -

1   shotguns and 2 rifles) and ammunition were recovered.   In the red Acura, officers

2   located a .40 caliber handgun under the driver's seat, two rifles, and approximately 1.5

3   pounds of suspected methamphetamine.

4         Later DEA Laboratory reports confirmed that the total quantity of controlled

5   substances involved in Defendant's instant offense was at least 987.9 grams of actual

6   methamphetamine. Defendant has approximately seven prior felony convictions, of

7   which at least three involved narcotics offenses.

8         This statement of facts does not preclude either party from presenting and arguing,

9   for sentencing purposes, additional facts which are relevant to the guideline computation

10  or sentencing, unless otherwise prohibited in this agreement.

11        7.  The United States Agrees:

12             a.  Not to File Additional Charges:

13        The United States Attorney's Office for the Eastern District of Washington agrees

14  not to bring any additional charges against the Defendant based upon information in its

15  possession at the time of this Plea Agreement and arising out of Defendant's conduct

16  involving illegal activity charged in the Indictment, unless the Defendant breaches this

17  Plea Agreement any time before or after sentencing.

18             b.  Sentencing Enhancements Pursuant to 21 U.S.C. § 851:

19        On March 1, 2017, the United States filed a notice and information pursuant to 21

20  U.S.C. § 851 alleging that Defendant has three prior felony drug offense convictions

21  which would, without a plea agreement, increase his applicable penalties for the charge in

22  the Indictment to a mandatory term of life imprisonment without release, a fine of up to

23  $20,000,000, and not less than ten years of supervised release if ever released. *See* ECF

24  No. 46.  If Defendant pleads guilty pursuant to this Plea Agreement as set forth herein,

25  the United States will, at the time of sentencing, move to dismiss the preceding Section

26  851 notice and information alleging Defendants' prior felony drug offense convictions.

27  Defendant would thus be subject to penalties of not less than ten (10) years of

28  incarceration but not more than life, a fine not to exceed $10,000,000, and not less than

Plea Agreement                          - 5 -

five years of supervised release pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).

   8.  United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are advisory to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

   a.  Base Offense Level:

The United States and the Defendant agree that the instant offense involved at least 987.9 grams of actual methamphetamine.  The United States and the Defendant therefore agree that pursuant to U.S.S.G. § 2D1.1(c)(3), the base offense level is thirty-four (34) for at least 500 grams but less than 1.5 kilograms of actual methamphetamine.

   b.  Specific Offense Characteristics

The United States and the Defendant also agree and stipulate that the base offense level is increased by two (2) levels for possessing a firearm pursuant to U.S.S.G. § 2D1.1(b)(1).

   c.  Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; and does not commit any obstructive conduct, the United States will recommend that the Defendant receive a two (2) level reduction for acceptance of responsibility, and if the Defendant's adjusted offense level is sixteen (16), or greater, the United States will move for a one (1)-level reduction for timeliness.  *See* U.S.S.G. §§ 3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant

///

Plea Agreement                          - 6 -

1  tests positive for any controlled substance.

2      d. Criminal History:

3      The United States and the Defendant understand that the Defendant's criminal

4  history computation ultimately will be determined by the Court after review of the

5  Presentence Investigation Report. The United States and the Defendant have made no

6  agreement and make no representations as to the criminal history category, which shall be

7  determined after the Presentence Investigation Report is completed.

8      e. Departures and/or Variances:

9      The United States and the Defendant stipulate and agree to recommend that the

10  Court impose a sentence of one hundred and fifty (150) months of incarceration.

11      9. Incarceration:

12      The United States and the Defendant stipulate and agree to recommend that the

13  Court impose a sentence of one hundred and fifty (150) months of incarceration.

14      10. Criminal Fine:

15      The United States and the Defendant are free to make whatever recommendation

16  concerning the imposition of a criminal fine that they believe is appropriate.

17      11. Supervised Release:

18      The United States and the Defendant agree to recommend that the Court impose a

19  five (5) year term of supervised release and to recommend that the Court impose the

20  statutorily mandated, standard, and suggested special conditions of supervised release set

21  forth in the Presentence Investigation Report.

22      12. Mandatory Special Penalty Assessment:

23      The Defendant agrees to pay the $100 mandatory special penalty assessment to the

24  Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to

25  18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before

26  sentencing as proof of this payment.

27      13. Payments While Incarcerated:

28      If the Defendant lacks the financial resources to pay the monetary obligations

Plea Agreement           - 7 -

imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14. Forfeiture:

The Defendant, JOSE ALBERTO ABUNDIZ, agrees to voluntarily relinquish and forfeit any and all right, title, and interest to the United States of America that he has in assets seized from him pursuant to his arrest on September 7, 2016, assets seized pursuant to a consent search of his Lexus vehicle on September 7, 2016, and assets seized during the execution of a search warrant on his Acura vehicle on September 7, 2016.

The Defendant agrees that the assets are subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and/or 21 U.S.C. § 881. The Defendant further agrees not to contest the civil forfeiture of the assets to the United States. The assets to be sought for civil forfeiture include, but are not limited to:

U.S. CURRENCY

1) $4,145.75 U.S. currency seized on or about September 7, 2016, from ABUNDIZ's person pursuant to his arrest; and

FIREARMS/AMMUNTION

Seized on or about September 7, 2016, from ABUNDIZ's person or ABUNDIZ's Acura vehicle, bearing Washington License Plate: 255YUX, pursuant to his arrest and/or the execution of a federal search warrant on the Acura.

2)    Glock handgun, Model 22, Serial No.: GET082;
3)    AR-15 style rifle, .223 caliber, DPMS Panther Arms Serial No.: FH137319;
4)    AK-47 style rifle, Century Arms Inc., VZ 2008 Sporter, Serial No.: VZ08PM-011859;
5)    Three (3) Glock magazines;
6)    One (1) magazine holder;
7)    Thirty-nine (39) .40 caliber bullets;
8)    Forty-nine (49) 12-gauge shotgun shells;
9)    Eighty-seven (87) .38 special bullets;
10)   Fifty (50) .22 caliber bullets;

Plea Agreement                    - 8 -

11) Twenty-six (26) 9mm rounds;
12) Twenty-nine (29) .40 caliber rounds;
13) One (1) shotgun shell;
14) Ninety-six (96) 7.62 sks rounds;
15) Two (2) .22 caliber rounds;
16) Twenty-eight (28) .223 rounds;
17) Thirteen (13) Colt .45 rounds;
18) One (1) muzzle loader ball;
19) Twenty (20) 7.62 x 51 rounds;
20) Two (2) S&W magazines;
21) One (1) 7.62 x 51 magazine;
22) One (1) Ruger magazine;
23) Three (3) 7.62 magazines;
24) One (1) .223 magazine; and

MISCELLANEOUS

25) Digital Scale, US Balance;
26) Voodoo Tactical gun bag; and

FIREARMS/AMMUNITION

Seized on or about September 7, 2016, from ABUNDIZ's Lexus vehicle, bearing
Washington License Plate AWF7088, pursuant to a consent search.

27) Braztech 12-gauge shotgun, Serial No.: S12SP014889;
28) Rock Island Armory 12-gauge shotgun, Model PAHUMP, Serial No.:
    RIA1648596;
29) Mossberg 12-gauge shotgun barrel;
30) Remington 12-gauge shotgun, Model 11-48, Serial No.: 5039090;  *GLS*
31) PW Arms rifle, caliber 7.62, Serial No.: ~~5039090;~~ RCO16360;  *(TG JAM)*
32) Norinco 7.62 rifle, Serial No.: 1508582;
33) Benelli 12-gauge shotgun, Model NOVA, Serial No.: 2702001M;
34) JL Galeh and Sons 20-gauge shotgun, No Serial Number; 196769;  *(86 JAM)*
35) Winchester 12-gauge shotgun, Model SXP Pump, Serial No.: 12AZX40631;
36) Remington Wingmaster 12-gauge shotgun, Serial Number REMOVED;  *GLS*
37) Green ammo box with mixed ammunition and a magazine;
38) A Rifle carrying case containing ammunition; and
39) A Black bag containing miscellaneous rounds of ammunition.

The Defendant acknowledges that the currency and the digital scale are subject to

Plea Agreement                    - 9 -

forfeiture as property facilitating illegal conduct or represent property that constitutes or is derived from any proceeds obtained directly or indirectly from controlled substance offenses, in violation of 21 U.S.C. § 841, and are therefore civilly forfeitable to the United States pursuant to 21 U.S.C. § 881.

The Defendant acknowledges that the firearms, ammunition and rifle case containing ammunition are subject to forfeiture as property facilitating or involved in illegal conduct in violation of 18 U.S.C. § 922(g)(1), felon in possession of firearms and ammunition, and are therefore civilly forfeitable to the United States pursuant to 18 U.S.C. § 924(d)(1).

S.A.A. ~~The Defendant stipulates and warrants that he is the sole owner of the assets~~ ~~identified herein and that no one else has an interest in the assets.~~

The Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States, to include the execution of pleadings and to testify truthfully in any forfeiture proceeding, if necessary.

The Defendant agrees to hold all law enforcement and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset(s) covered by this agreement.

The Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

The Defendant waives any notice of forfeiture proceeding time frames and consents to the federal forfeiture of the assets listed herein without further notice of forfeiture proceedings. Defendant consents to the destruction and/or return of assets to

///
///
///
///

Plea Agreement                                    - 10 -

lawful owners, without further notice. Failure to comply with these obligations constitutes a breach of the Plea Agreement.

15. Additional Violations of Law Can Void Plea Agreement:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

16. Hyde Amendment Waiver:

The Defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

17. Effect on Immigration Status:

The Defendant, recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the District Court, can predict to a certainty the effect of his conviction on his immigration status if he is not a United States citizen. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

18. Appeal Rights:

The Defendant expressly waives his right to appeal his conviction, sentence, and supervised release imposed by the Court. Furthermore, the Defendant expressly waives his right to file any post-conviction motion attacking his conviction and sentence,

Plea Agreement                              - 11 -

1   including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective

2   assistance of counsel based on information not now known by Defendant and which, in

3   the exercise of due diligence, could not be known by Defendant by the time the Court

4   imposes the sentence.

5          The Defendant acknowledges that this waiver shall result in the dismissal of any

6   appeal or collateral attack the defendant might file challenging the conviction or sentence

7   in this case, except for ineffective assistance of counsel as noted above.  If the Defendant

8   files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this

9   agreement, the Defendant agrees that this case shall, upon motion of the government, be

10  remanded to the district court to determine whether Defendant is in breach of this

11  agreement and, if so, to permit the government to withdraw from the Plea Agreement.

12         19. Waiver of Inadmissibility of Statements:

13         The Defendant agrees to waive the inadmissibility of statements made in the

14  course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f).

15  This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea

16  Agreement.  The Defendant acknowledges that any statements made by the Defendant to

17  law enforcement agents in the course of plea discussions in this case would be admissible

18  against the Defendant in the United States' case-in-chief if the Defendant were to

19  withdraw or breach this Plea Agreement.

20         20. Integration Clause:

21         The United States and the Defendant acknowledge that this document constitutes

22  the entire Plea Agreement between the United States and the Defendant, and no other

23  promises, agreements, or conditions exist between the United States and the Defendant

24  concerning the resolution of the case.  This Plea Agreement is binding only upon the

25  United States Attorney's Office for the Eastern District of Washington, and cannot bind

26  other federal, state or local authorities.  The United States and the Defendant agree that

27  ///

28  ///

this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

**Approvals and Signatures**

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

JOSEPH H. HARRINGTON
Acting United States Attorney

_____     6/12/2017
IAN L. GARRIQUES                      Date
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____     _____
JOSE ALBERTO ABURDIZ                  Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____     8 June 2017
GREGORY L. SCOTT                      Date
Attorney for the Defendant

Plea Agreement                        - 13 -