JOSEPH H. HARRINGTON
Acting United States Attorney
Eastern District of Washington
Ian L. Garriques
Assistant U.S. Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 1:16-CR-02066-RMP |
| Plaintiff, | |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| JOSE ALBERTO ABUNDIZ, | |
| Defendant. | |

Plaintiff, United States of America, by and through Joseph H. Harrington, Acting United States Attorney for the Eastern District of Washington, and Ian L. Garriques, Assistant United States Attorney, submits the following sentencing memorandum.

## I. SENTENCING RECOMMENDATION

Pursuant to the Rule 11(c)(1)(C) plea agreement in this case, the government recommends a sentence of 150 months of imprisonment to be followed by 5 years of supervised release.

In the plea agreement, the parties agreed to a base offense level of 34 due to the quantity of methamphetamine involved, a 2-level increase due to the involvement of a firearm, and a 3-level reduction for acceptance of responsibility. With an anticipated total offense level of 33 and criminal history category of III, the parties expected the Guidelines sentencing range of imprisonment to be 168-210 months. With that range in mind, the parties also agreed to request a sentence of 150 months of imprisonment based on a downward variance and the relevant Section 3553(a) factors.

The PSR corresponds to the preceding calculations except for its additional

Government's Sentencing Memorandum     1

classification of Defendant as a Career Offender pursuant to U.S.S.G. §§ 4B1.1 and 4B1.2.  The PSR's designation of Defendant as a Career Offender increased his total offense level to 34 and criminal history category to VI, thus increasing his Guidelines sentencing range to 262-327 months of imprisonment.

Though Defendant's 2005 drug trafficking conviction (PSR ¶ 96) clearly qualified as one of the two necessary predicate convictions for a Career Offender designation, the parties did not anticipate that Defendant's 2007 possession of an unregistered firearm conviction (sawed-off shotgun) (PSR ¶ 104) would qualify as a second predicate conviction for Career Offender status.  (PSR ¶¶ 61-64).  Guidelines Amendment 798, effective August 1, 2016, added the following enumerated offense to the definition of a crime of violence to determine Career Offender Status:  "the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a)[.]"  U.S.S.G. § 4B1.2 (eff. Aug. 1, 2016).  Prior to the Amendment, such convictions were not expressly included as an enumerated crime of violence.  Rather, some reference was made to similar convictions in prior commentary notes to the Guideline but not in the text of the Guideline itself.  Given that the parties were unaware that Defendant's firearm conviction would now be considered a crime of violence under Amendment 782, the parties did not anticipate a Career Offender designation here.

Regardless of the foregoing, the government stands by the plea agreement and recommends a sentence of 150 months of imprisonment.  Based on Section 3553(a), a term of imprisonment of 150 months (to be followed by 5 years of supervised release) appropriately balances the need for deterrence and protection of the public against Defendant's history and characteristics.  Despite Defendant's prior firearms and drug trafficking convictions, the proposed term of imprisonment here is almost three times as long as Defendant's prior federal term of imprisonment of 57 months.  Additionally, despite the large quantity of methamphetamine here and number of firearms involved, Defendant accepted responsibility in this case and pleaded guilty without motion practice and trial.  Defendant would also be approximately age fifty or more before being released

Government's Sentencing Memorandum    2

from the proposed term of incarceration.

Based on the foregoing, a sentence of 150 months of imprisonment, to be followed by 5 years of supervised release, appropriately balances Defendant's history and characteristics, the seriousness of the offense, and the need to promote respect for the law, provide just punishment, deter further criminal conduct, and protect the public.

DATED: August 31, 2017                Respectfully submitted,

JOSEPH H. HARRINGTON
Acting United States Attorney

By: _s/ Ian L. Garriques_____
Ian L. Garriques
Assistant U.S. Attorney

I hereby certify that on August 31, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Gregory L. Scott.

_s/ Ian L. Garriques_____
Ian L. Garriques
Assistant U.S. Attorney