FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 07, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ALBERTO ABUNIZ,<br><br>Defendant. | NO: 1:16-CR-2066-RMP-1<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |

Upon motion of the Defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), ECF No. 74, and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

**IT IS ORDERED** that Defendant's Motion, **ECF No. 74**, is **DENIED** after complete review of the motion on the merits.

Defendant moves for compassionate release arguing that he is 43 years old and suffers from high blood pressure and "stage II hyper-tension." ECF No. 74. He expresses concern regarding the current pandemic, COVID-19, and the fact that his

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) - (COMPASSIONATE RELEASE) ~ 1

current incarceration in the Bureau of Prisons ("BOP") in conjunction with his high blood pressure places him at high risk for serious consequences from the virus. *Id.* at 4-5. Defendant further argues that if released he could live with his wife and three children and work on a farm. *Id.* at 4. Defendant requests that the remainder of his sentence be converted to home confinement. *Id.*

## LEGAL STANDARD

Federal Rule of Criminal Procedure 35 generally delineates the parameters of a district court's ability to modify a prison sentence once judgment is entered. That provision offers no relief to Mr. Robinson. However, 18 U.S.C. § 3582(c)(1)(A) provides an opportunity for a reduced sentence if, after the Court considers the factors under 18 U.S.C. § 3553(a) to the extent that they are applicable, the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]"

The U.S. Sentencing Commission has issued a policy statement recognizing certain circumstances as "extraordinary and compelling reasons" for purposes of compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

    (A) Medical Condition of the Defendant.—
        (i)    The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . . .
        (ii)   The defendant is—

        (I)     suffering from a serious physical or medical condition,
        (II)    suffering from a serious functional or cognitive impairment, or
        (III)   experiencing deteriorating physical or mental health because of the aging process,

that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances—
    (i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.
    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13.

Until December 21, 2018, the Court could reduce a term of imprisonment for extraordinary and compelling reasons only upon motion by the Director of the United States Bureau of Prisons ("BOP"). Following enactment of the First Step Act, a federal prisoner may move on his own behalf for a sentence reduction and compassionate release after exhausting all administrative appeals of the BOP's refusal to bring such a motion or after "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) - (COMPASSIONATE RELEASE) ~ 3

3582(c)(1)(A). Section 1B1.13, USSG, has not been updated since enactment of the First Step Act.[1]

Mr. Abundiz was sentenced in October 2017 to a term of imprisonment of 150 months followed by five years of supervised release following a plea of guilty to distribution of a controlled substance, methamphetamine. ECF No. 68. The Court sentenced Mr. Abundiz to 150 months of incarceration, although his USSG sentencing range was 262 to 327 months. In addition, the Government did not file a notice or additional charges involving the many firearms that Mr. Abundiz possessed at the time of his arrest, which would have raised his sentencing range to a term of life in prison. ECF No. 59.

The Court found that Mr. Abundiz had six criminal history points which placed him in Criminal History Category III. However, Mr. Abundiz's prior offenses arguably qualified him as a career offender, which would have resulted in his being placed in Criminal History Category VI. ECF No. 59 at 18.

After a review of Mr. Abundiz's claims for compassionate release, high blood pressure at age 43, and three minor children living with their mother, the Court finds that Mr. Abundiz's situation does not rise to the level of "extraordinary and compelling reasons warrant such a reduction. . . ." 18 U.S.C. § 3582(c)(1)(A).

---

[1] The Court takes judicial notice that as of the date of this order, there are an insufficient number of confirmed commissioners to comprise a quorum for purposes of amending the USSG.

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) - (COMPASSIONATE RELEASE) ~ 4

1  Furthermore, in reviewing the factors under 18 U.S.C. § 3553(a), the Court finds that

2  Mr. Abundiz's extensive and criminal history creates a risk of danger to the

3  community and that the length of his current sentence is necessary to act as a

4  deterrent to Mr. Abundiz from future criminal behavior.

5      Accordingly, **IT IS HEREBY ORDERED** that Mr. Abundiz's Motion for

6  Transfer to Home Confinement or Compassionate Release, **ECF No. 74**, is

7  **DENIED with prejudice**.

8      **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

9  Order and provide copies to counsel and to the U.S. Probation Office.

10      **DATED** August 7, 2020.

11

12                               *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
                                United States District Judge

13

14

15

16

17

18

19

20

21

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) - (COMPASSIONATE RELEASE) ~ 5